UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS TOMAS GARCIA, | ) | 1:08-cv-00420-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS [Doc. 13] |
| | ) | |
| HARTLEY, Warden, | ) | ORDER REQUIRING OBJECTIONS TO BE |
| | ) | FILED WITHIN TWENTY DAYS |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Placer, following his 1984 conviction for second degree murder in violation of Cal. Penal Code § 187. (Doc. 13, Exh. A, pp. 1-2). Petitioner is serving a prison term of twenty-two years to life. (Id.). Petitioner filed the instant petition on March 12, 2008, challenging the decision of the Board of Parole Hearings ("the Board") to deny Petitioner parole.[1]

On August 13, 2008, Respondent filed the instant motion to dismiss, contending that Petitioner's claims were not exhausted in state court and therefore the petition should be dismissed. (Doc. 13). On August 28, 2008, Petitioner filed his opposition to the motion to dismiss. (Doc. 14).

---

[1] As will be discussed infra, the Court assumes Petitioner is challenging the parole hearing conducted on June 26, 2006.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Accordingly, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B. Exhaustion of State Remedies

    1. General Principles.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111. S. Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S.Ct. 1715 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669

(9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

### 2. Claims In The Instant Petition

The petition before the Court raises a single "challenge to a Board of Prison Terms action." (Doc. 1, p. 4).[2] Within the form petition itself, however, Petitioner provides no further information regarding what BPH action he is challenging or when the action was taken. Indeed, in the form petition, Petitioner merely answers "None" in all of the spaces where he could provide such information. In an attached legal memorandum, however, Petitioner does provide more details, including information that he is indeed challenging the hearing on June 26, 2006. (Doc. 1, p. 8).

---

[2] The Board of Prison Terms is now called the Board of Parole Hearings ("BPH").

### 3. Prior State Petitions

Petitioner filed a state habeas petition in the Placer County Superior Court on January 24, 2007. (Doc. 13, Exh. A). In that petition, as the present one, Petitioner challenged the denial of parole by BPH on June 26, 2006. Appended to the Superior Court petition was a six-page excerpt of the BPH proceedings of June 26, 2006, in which the BPH went on record with the results of its deliberations, i.e., to deny parole. (Id., Decision of June 26, 2006, p. 5).[3]

On February 8, 2007, the Placer County Superior Court denied the petition. In its denial, the state court made the following ruling:

> "Petitioner bears the burden of stating a prima facie case showing that he is entitled to relief by way of petition for writ of habeas corpus. (In re Bower (1985) 38 Cal.3d 865, 872; In re Hochberg (1970) 2 Cal.3d 970, 975, fn. 4.) In that regard, petitioner is obliged to state with particularity the facts upon which the petition is based; vague, conclusary [sic] allegations are insufficient to warrant issuance of a writ. (In re Swain (1949) 34 Cal. 2d 300, 302.) Petitioner has the burden of proving facts upon which he bases his claim for relief. (In re Riddle (1962) 57 Cal.2d 848, 852.) The petition should attach as exhibits all reasonably available documentary evidence or affidavits supporting the right to relief. (People v. Duvall (1995) 9 Cal.4th 464, 474.) "Conclusory allegations made without any explanation of the basis for the allegations do not warrant relief, let alone an evidentiary hearing." (People v. Karis (1988) 46 Cal.3d 612, 656.)
>
> The present petition must be denied because petitioner has failed to provide the complete administrative record of his parole hearing. <u>While he provides a transcript of the decision of the parole board, he has failed to provide a transcript of the full parole hearing so that this court would be in a position to evaluate the evidence in support of the board's decision.</u>"

(Doc. 13, Exh. B)(Emphasis supplied).[4]

On March 15, 2007, Petitioner filed a state petition in the California Court of Appeal, Third Appellate District ("3d DCA"), again raising the same challenge to the 2006 parole denial by the BPH. (Doc. 13, Exh. C).[5] On April 5, 2007, the 3d DCA denied the petition, citing In re Roberts, 36 Cal.4th 575, 593-594 (2005), and In re Hillery, 202 Cal.App.2d 293 (1962). (Doc. 13, Exh. D).[6]

On June 18, 2007, Petitioner filed his collateral challenge to the BPH's denial of parole in the

---

[3] Also identified in the Court's electronic case file record as Doc. 13-2, pp. 53-57.

[4] Doc. 13-3, pp. 2-3.

[5] Doc. 13-4, pp. 2-7.

[6] Doc. 13-6, p. 2.

California Supreme Court (Doc. 13, Exh. E),[7] which denied the petition without comment on November 28, 2007. (Id., Exh. F).[8]

### 4. Analysis

Respondent seeks dismissal of the petition on the grounds that Petitioner's sole claim challenging his parole denial was not exhausted in the California Supreme Court. (Doc. 13). Respondent reasons that, although Petitioner received a denial by the state supreme court on his habeas challenge to the BPH's 2006 parole hearing, that state petition was defective because Petitioner failed to file an amended petition pursuant to a superior court denial of his petition informing Petitioner that because he had failed to supply the court with a full transcript of the June 2006 hearing as well as his entire administrative record, the superior court had no basis on which to evaluate the BPH's exercise of discretion. The Court agrees with Respondent that the claim is not exhausted.

Under California law, in order to establish a prima facie case for relief, a petition for writ of habeas corpus should both (1) state fully and with particularity the facts on which relief is sought and (2) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of transcripts, and affidavits or declarations. People v. Duvall, 9 Cal.4th 464, 474 (1995)("Conclusory allegations made without any explanation of the basis for the allegations do not warrant relief.").

Here, Petitioner appears to have made a bona fide effort to exhaust his state court remedies fully before filing the instant petition. Indeed, each of the three state petitions articulate the legal basis of his challenge to the 2006 denial of parole and contain voluminous documents relating to his legal odyssey since first being incarcerated in 1984. Unfortunately, despite the submission of literally hundreds of pages of documents in conjunction with these state petitions, Petitioner has, through what appears to be very little fault on his own part, simply failed to adequately exhaust his remedies as required by federal habeas law.

---

[7] Doc. 13-7, pp. 2-7

[8] Doc. 13-9, p. 2.

Respondent is correct that subsequent unexplained denials by higher state courts are deemed to rest on the same grounds as the last reasoned court opinion. Ylst v. Nunnemaker, 501 U.S. 797, 804-805, 111 S. Ct. 2590 (1991). Thus, the California Supreme Court's "postcard" denial with no case citations requires this Court to refer to the 3d DCA's decision, which dismissed the petition citing Roberts and Hillery, as the last "reasoned" decision of the state court. As Respondent correctly points out, Roberts stands for the rule that a habeas petition challenging the decision of a parole board should be filed in the superior court in the first instance. Roberts, 36 Cal. 4th at 593-594. In Hillery, the California Court of Appeal, Fifth Appellate District, declined to hear a habeas petition because the superior court had not first had an opportunity to consider the factual issues. Hillery, 202 Cal.App.2d at 294.

The 3d DCA's citation to Hillery and Roberts have added significance in light of the superior court's prior ruling, discussed above, in which the superior court indicated that Petitioner had failed to provide a sufficient factual basis on which the state court could review the exercise of discretion by the BPH. Thus, the 3d DCA citation to Hillery and Roberts clearly implies that the 3d DCA's denial was based on Petitioner's failure to file an amended petition in the superior court alleging sufficient facts and providing sufficient documentation for that lower court to review the BPH's decision on the merits in the first instance.

To satisfy the exhaustion requirement, a federal claim must be presented to the appropriate state court "in the manner required by the state courts, thereby 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error [ ].'" Casey v. Moore, 386 F.3d 896, 915-916 (9th Cir. 2004)(emphasis supplied)(quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S.Ct. 617 (1986)).

Where a state court advises a petitioner what must be done before a petition will be reviewed on its merits, such advice must be followed unless the state courts are arbitrarily finding procedural deficiencies. See Kim v. Villalobos, 799 F.2d 1317, 1321 (9th Cir. 1986). Here, the state courts have never been afforded a full and fair opportunity to reach the merits of Petitioner's claims. Picard, 404 U.S. at 276; Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Moreover, there is no indication whatever in this record that the state courts were arbitrarily finding procedural

Respondent is correct that subsequent unexplained denials by higher state courts are deemed to rest on the same grounds as the last reasoned court opinion. Ylst v. Nunnemaker, 501 U.S. 797, 804-805, 111 S. Ct. 2590 (1991). Thus, the California Supreme Court's "postcard" denial with no case citations requires this Court to refer to the 3d DCA's decision, which dismissed the petition citing Roberts and Hillery, as the last "reasoned" decision of the state court. As Respondent correctly points out, Roberts stands for the rule that a habeas petition challenging the decision of a parole board should be filed in the superior court in the first instance. Roberts, 36 Cal. 4th at 593-594. In Hillery, the California Court of Appeal, Fifth Appellate District, declined to hear a habeas petition because the superior court had not first had an opportunity to consider the factual issues. Hillery, 202 Cal.App.2d at 294.

The 3d DCA's citation to Hillery and Roberts have added significance in light of the superior court's prior ruling, discussed above, in which the superior court indicated that Petitioner had failed to provide a sufficient factual basis on which the state court could review the exercise of discretion by the BPH. Thus, the 3d DCA citation to Hillery and Roberts clearly implies that the 3d DCA's denial was based on Petitioner's failure to file an amended petition in the superior court alleging sufficient facts and providing sufficient documentation for that lower court to review the BPH's decision on the merits in the first instance.

To satisfy the exhaustion requirement, a federal claim must be presented to the appropriate state court "in the manner required by the state courts, thereby 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error [ ].'" Casey v. Moore, 386 F.3d 896, 915-916 (9th Cir. 2004)(emphasis supplied)(quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S.Ct. 617 (1986)).

Where a state court advises a petitioner what must be done before a petition will be reviewed on its merits, such advice must be followed unless the state courts are arbitrarily finding procedural deficiencies. See Kim v. Villalobos, 799 F.2d 1317, 1321 (9th Cir. 1986). Here, the state courts have never been afforded a full and fair opportunity to reach the merits of Petitioner's claims. Picard, 404 U.S. at 276; Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Moreover, there is no indication whatever in this record that the state courts were arbitrarily finding procedural

deficiencies in Petitioner's submissions or were otherwise intentionally thwarting Petitioner's efforts to obtain review on the merits of his claim. Rather, it was Petitioner who failed to heed the advice of both the Placer County Superior Court and the 3d DCA to file an amended petition in the superior court containing sufficient documentation to permit that court to address the merits of Petitioner's claim. Therefore, Petitioner's claim is unexhausted and the petition must be dismissed. Kim, 799 F.2d at 1320.

## **RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss (Doc. 13), be GRANTED and the petition be dismissed for lack of exhaustion.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within eleven (11) days after service of the objections. **Petitioner and Respondent are forewarned that no extensions of time to file objections or replies will be granted.** The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 11, 2009**                               /s/ Theresa A. Goldner
                                                                     UNITED STATES MAGISTRATE JUDGE