# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS TOMAS GARCIA, | ) | 1:08-cv-00420 OWW-TAG (HC) |
| | ) | |
| | ) | ORDER ADOPTING FINDINGS AND |
| Petitioner, | ) | RECOMMENDATIONS (Doc. 15) |
| | ) | |
| v. | ) | ORDER GRANTING MOTION TO DISMISS |
| | ) | PETITION FOR WRIT OF HABEAS CORPUS |
| HARTLEY, Warden, | ) | (Doc. 13) |
| | ) | |
| | ) | ORDER DENYING MOTION FOR STAY |
| | ) | (Doc. 16) |
| Respondent. | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |

ORDER DIRECTING CLERK OF COURT
TO ENTER JUDGMENT

ORDER DECLINING TO ISSUE
CERTIFICATE OF APPEALABILITY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 12, 2009, the Magistrate Judge assigned to the case issued findings and recommendations recommending the petition for writ of habeas corpus be dismissed for lack of exhaustion. (Doc. 15). The findings and recommendations were served on all parties and contained notice that any objections were to be filed within twenty days from the date of service of that order. On March 5, 2009, Petitioner filed objections to the Magistrate Judge's findings and recommendations. (Doc. 16). In his objections, Petitioner requests that any dismissal be

1

without prejudice. Also in Petitioner's objections, he belatedly requests a stay of proceedings in order to exhaust his claims in state court.

### A. Order Adopting Findings and Recommendations

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

### B. Denial of Motion for Stay

Until the United States Supreme Court's decision in Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), federal case law required that the Court dismiss "mixed" petitions, such as the instant case, that contained both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982). In Rhines, the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 275. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Id.

Here, Respondent's motion to dismiss, filed on August 13, 2008, raised the issue of lack of exhaustion and alerted Petitioner to the fact that his petition may be deficient on that basis. Rather than promptly requesting a stay of proceedings, Petitioner waited for almost seven months, and after the Magistrate Judge had issued her findings and recommendations, to belatedly file a request for a stay. Petitioner's motion for stay contains no reasons or justification why Petitioner has delayed for seven months before filing the instant motion. As such, the

motion fails to provide this Court with any basis on which to make a determination regarding either the existence of good cause or the lack of bad faith, both of which are predicates to granting a requested stay. Because the Court discerns in the present record no basis for concluding that Petitioner has acted in good faith or that he has shown good cause for the inordinate delay in raising the instant motion for stay, the Court concludes that Petitioner has not satisfied the requirements in Rhines and, accordingly, denies the motion for a stay.

C. Denial of Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336, 123 S. Ct. 1029 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, 102 S. Ct. 3383 (1983)).

1    In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, issued February 12, 2009 (Doc. 15), are ADOPTED IN FULL;
2. Respondent's motion to dismiss (Doc. 13), is GRANTED;
3. The petition for writ of habeas corpus (Doc. 1), is DISMISSED;
4. Petitioner's motion for stay (Doc. 16), is DENIED;
5. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file; and
6. The Court DECLINES to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   March 16, 2009**           /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE